RAFAEL ANDINO GALES, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 1060.   Argued December 18, 1935.—Decided December 24, 1935.

*Celestino Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for petitioner. *La Costa & La Costa* for one of the defendants in the main suit.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Rafael Andino Gales filed, in the District Court of San Juan, a complaint for an injunction against Gregorio Vázquez and José L. Soto, marshal of the Municipal Court of San Juan. It was alleged therein that the plaintiff had

been for over ten years in the actual, continuous, public, peaceable, and uninterrupted possession of a property consisting of a house and lot; that Gregorio Vázquez has been performing the acts incumbent on the owner of said property, such as giving orders to the tenants of the plaintiff and collecting rent from the persons who live in the house; that the defendant marshal, by virtue of an order of the Municipal Court of San Juan, and also following instructions of Gregorio Vázquez, has warned (*conminado*) the plaintiff to vacate the property the object of this action, and that by reason of the acts of the defendant, the plaintiff is continually disturbed in the possession of the said property; that the plaintiff has his homestead in the above-mentioned property, and that, as he has no speedy, adequate, and effective remedy available in the ordinary course of law, he has resorted to an injunction.

Upon the petition of the plaintiff, the district court issued a restraining order and summoned the defendant to appear before it and show cause why a preliminary injunction should not be granted. On the day set for the hearing, the defendant filed his answer and a motion to dissolve and set aside the restraining order, praying for the refusal of the preliminary injunction sought. The court refused to grant said injunction and dissolved the restraining order on the ground that the plaintiff should resort to the remedy provided in section 1 of Act No. 43 of 1913 (Session Laws, p. 83), equivalent to section 690 of the Code of Civil Procedure, 1933 edition. Thereupon the plaintiff sought a review of this order through a writ of certiorari, which was duly issued by this court. The lower court maintains that the remedy by injunction did not lie, as according to the allegations of the complaint, acts have already been committed which amount to an effective deprivation of possession and to a disturbance of plaintiff's right of ownership, making the action fall entirely within the provisions of the Act of 1913, which now forms part of the Code of Civil

Procedure. In the opinion delivered by that court, the following is said:

"The allegation that the marshal has warned (*conminado*) the defendant to vacate the property constitutes a disturbance which would also justify a resort to the possessory injunction prescribed by Act No. 43 of 1913. The efforts made by the plaintiff to convince us that the exercise of the ordinary injunction would guarantee a complete relief to him and would afford to the court the means of administering complete justice, do not satisfy us, notwithstanding our disposition to cooperate with the plaintiff in claryfying this matter, which is one of many controversies derived from that litigation, famous in the judicial annals and generally known as 'The Melilla Suit,' but we cannot deny efficacy to the law and the jurisprudence.

"We hold that the proper remedy in cases like the present is the injunction for the recovery of possession prescribed by Act No. 43 of 1913, as amended in 1917 (section 690 *et seq.* of the Code of Civil Procedure of Puerto Rico, 1933 edition), and consequently we declare that the ground for nullity urged by the defendant Don Gregorio Vázquez in his motion to dissolve the restraining order issued is well founded, this without prejudice to any right available to the plaintiff under the law to protect his interests."

■■■ The lower court says that when a speedy, adequate, and effective remedy is available in the ordinary course of law, the extraordinary remedy of injunction does not lie, and concludes that in the instant case the plaintiff has such a remedy in the injunction to recover possession. In other words, in the view of the lower court, the old remedy to protect possession in a case like the present has been excluded by the Act of 1913. We are not of the same opinion. Both remedies, the one which we might call regular (*clásico*), and the one which is comprised in the Act of 1913, emanate from the legislative power and are inspired in equitable principles. In an injunction proceeding to recover possession, the controversy is reduced to a question of fact regarding the mere possession and the disturbance caused therein by the acts of a third person. The regular injunction is not so limited with respect to evidence,

and questions are more broadly considered. In the instant case, the plaintiff and petitioner alleges that he has established his homestead right in the property which is described in the complaint. This court has held that an injunction will lie to prevent the owner of an estate of homestead from being deprived of such estate without first being paid the amount thereof. *Lassalle* v. *Valencia et al.,* 39 P.R.R. 552. Within the latter proceeding the petitioner in order to justify his right to the issuance of an injunction may show that he has established his homestead, a thing which he could not do within the remedy provided by law for the recovery or retention of possession of real property.

In *Heirs of Rivera* v. *González,* 33 P.R.R. 973, this court has declared that the special injunction to recover possession is not a legal but an equitable remedy, and that a plaintiff is entitled to elect either of the two remedies. From the opinion delivered in that case we copy the following:

"The defendant, it was alleged, was constructing a house on the land of the complainant and the latter successfully intervened to prevent the construction. The appellant maintains that an ordinary injunction in equity did not lie, but that the remedy, if any the complainant succession had, was by way of special injunction to recover the possession given by Act No. 43 as amended by Act No. 11 of 1917. The theory is that such act gives the legal remedy and that therefore an equitable remedy does not lie. Either suit, not sounding in damages, we apprehend, is what would be known as an equitable remedy, and the complainant succession might have elected to follow the one or the other."

The petitioner herein has elected to resort to the remedy provided by the general Injunction Act, and he is entitled to a decision in one way or the other on the questions raised before the lower court in his complaint.

The order of the District Court of San Juan of November 23, 1935, must be aside.